UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM HUTTON,

        Plaintiff,

v.

        Case Number 10-14715
        Honorable David M. Lawson

GMAC MORTGAGE LLC and FEDERAL
NATIONAL MORTGAGE ASSOCIATION,

        Defendants.
_____/

**OPINION AND ORDER GRANTING MOTION FOR SUMMARY JUDGMENT AS TO DEFENDANT FEDERAL NATIONAL MORTGAGE ASSOCIATION, ONLY, AND DISMISSING CERTAIN COUNTS OF THE COMPLAINT**

      Presently before the Court is the defendants' motion to dismiss or for summary judgment in this mortgage foreclosure case. The plaintiff, seeking to forestall foreclosure on an eviction from his home, filed a fifteen-count complaint alleging violations of the Real Estate Settlement Procedures Act (RESPA), the Michigan Mortgage Brokers, Lenders, and Servicers Licensing Act, the Michigan Consumer Protection Act, and the Fair Credit Reporting Act. The Court heard oral argument on the motion on February 7, 2012. Since then, defendant GMAC filed for bankruptcy protection and the case was stayed as to that party. The plaintiff also agreed to the dismissal of several counts of the complaint. The Court will address the motion as to defendant Federal National Mortgage Association (Fannie Mae), and now concludes that the plaintiff has not stated a viable claim against that entity. Therefore, the Court will grant the motion and dismiss the case against Fannie Mae, only.

I.

This case involves the financing of real property located on Marshall Road in South Lyon, Michigan. The plaintiff executed a note and mortgage on that property with Quicken Loans, Inc., on February 29, 2008 for $417,000. The mortgage provided that in the event of an uncured default, the lender could invoke the power of sale. Mortgage Electronic Registration Systems, Inc., (MERS) was the original mortgagee and acted as a nominee for successors and assigns. Defendant GMAC began servicing the plaintiff's loan from the beginning.

In September 2008, the plaintiff suffered a heart attack. As a result of that and other illnesses, the plaintiff had difficulty working and maintaining his income. The plaintiff states that in April 2009, Jacqueline Serylo, his significant other who had lived with him for many years (who happens to be an accountant), contacted defendant GMAC on the plaintiff's behalf to seek a loan modification. The defendants have submitted servicing records indicating that Serylo was advised to complete a financial package on April 6, 2009. Serylo states that she was told that defendant GMAC would not consider a loan modification until the borrower was at least ninety days delinquent on his payments. The plaintiff states that on the basis of that advice, and because continuing to make payments at the current level was creating a severe hardship, the plaintiff decided to stop making payments on the loan in July 2009. The defendants state that the plaintiff's last payment was received on August 11, 2009.

On October 1, 2009, Orlans and Associates ("Orlans"), the law firm handling the foreclosure on behalf of GMAC, sent the plaintiff a notice of default. On October 6, 2009, Orlans sent the plaintiff a notice that he had the right to request a meeting with his mortgage holder or servicer. The plaintiff requested such a meeting, and on October 16, 2009, Orlans sent the plaintiff a notice

confirming that the plaintiff had requested a meeting to discuss options to avoid foreclosure and outlining the documentation required to complete a review.

On January 9, 2010, MERS executed an Assignment of Mortgage assigning the plaintiff's mortgage to GMAC. The defendants state that a notice of foreclosure was posted on the plaintiff's front door on January 18, 2010, although the plaintiff contests that assertion. In support of that allegation, the defendants have presented an affidavit by the individual who posted the notice, which includes illegible photographs supposedly of the posting. The defendants also produced copies of the notice of foreclosure published in the Livingston County Press and Argus Newspapers on January 13, 20, and 27 and February 3, 2010. The plaintiff states that he was in poor health in January 2010 and that he and various caregivers were at the property on a daily basis. The plaintiff asserts that no one informed him of a posted notice of foreclosure on his property. Serylo states that she did not observe such a posting despite being present at the property on a daily basis in January 2010.

On February 2, 2010, Patty Scully, a GMAC employee, sent the plaintiff a letter requesting that the plaintiff schedule a telephone interview to discuss his mortgage loan. The plaintiff states that Serylo was in contact with Scully on his behalf to discuss a potential loan modification. Serylo states that she and Scully discussed the possibility of Serylo purchasing the property in a short sale. Serylo engaged the services of Gary Grossman of Liberty Lending in order to obtain financing to make an offer on the subject property. Serylo states that on February 24, 2010 she faxed both her and the plaintiff's tax returns to Scully. Serylo obtained a pre-approval letter for a $370,000 mortgage loan and submitted an offer to purchase the property from the plaintiff in that amount. On March 24, 2010, Grossman submitted a short sale package to defendant GMAC including a financial

analysis form, a hardship affidavit, bank records, tax returns, the purchase agreement, the listing agreement, and the title commitment. Grossman states that he was led to believe that the proposed purchase price was sufficient for approval of the short sale subject to the completion of internal paperwork. Serylo states that GMAC contacted her on April 8, 2010 requesting the listing agreement and the plaintiff's W-2 form, and that she informed GMAC that the plaintiff had no W-2 because he had no W-2 income. Grossman faxed proof of financing to GMAC and requested an extension of foreclosure proceedings on April 12, 2010.

However, the foreclosure sale was not postponed. The plaintiff has produced an email between a GMAC employee and an employee of defendant Fannie Mae in which the Fannie Mae employee states that the foreclosure sale should not be postponed because they did not have a "full package" including proof of financing and a valuation. The property was sold to defendant Fannie Mae at a sheriff's sale on April 14, 2010 for $444,446.97.

On June 29, 2010, the plaintiff and Serylo sent a letter to Stuart Pigler, who appears to be a staffer to Congressman Michael Rogers, requesting help with the foreclosure process. In that letter, the plaintiff and Serylo state that they were told that the short sale was not approved because they were married. The plaintiff and Serylo are not married, but they admit that they had told GMAC that they were married at one point and state that GMAC had told them their relationship could be considered a common law marriage. The letter states that GMAC told them that the short sale was not approved because it was not an arms-length transaction.

On August 17, 2010, the plaintiff sent a letter to GMAC stating that he believed that the redemption amount included illegal fees, accounting errors, and misapplied charges. The plaintiff characterizes that letter as a qualified written request, as defined in RESPA. The plaintiff asked that

GMAC communicate with him through his lawyer rather than contacting him directly. On August 27, 2010, the plaintiff sent letters to Equifax and TransUnion, requesting that the agencies reinvestigate allegedly false information in his credit report submitted by GMAC. TransUnion sent a report on the reinvestigation to the plaintiff on September 14, 2010; Equifax sent its response on September 3, 2010.

On October 14, 2010, GMAC sent a letter to the Michigan Office of Financial and Insurance Regulation, apparently in response to a complaint filed by the plaintiff. The letter states that there is no evidence that either of the defendants approved a short sale, but acknowledges that the account was reviewed for a potential short sale in May 2010. The letter states that the request for a short sale was cancelled because the plaintiff and Serylo were married by common law and therefore the proposed sale was not an arm's length transaction. The letter states that the plaintiff identified Serylo as his common law wife on a complaint to the Michigan Office of Financial and Insurance Regulation. (It is curious that GMAC adopted that view as accurate, since "Michigan does not recognize common-law marriages." *Reeves v. Reeves*, 226 Mich. App. 490, 493 n.1, 575 N.W.2d 1, 3 n.1 (1997) (citing *Carnes v. Sheldon*, 109 Mich. App. 204, 211, 216-17, 311 N.W.2d 747, 750, 753 (1981)); Mich. Comp. Laws § 551.2).

On November 26, 2010, the plaintiff filed a fifteen-count complaint in this Court. Count I alleges a violation of the RESPA, 12 U.S.C. § 2607, by GMAC. Count II is a request for equitable, declaratory, and injunctive relief against both defendants. Count III is a claim for breach of contract and wrongful foreclosure. Count IV is a claim for a violation of the Michigan foreclosure law. Count V is a claim under the Michigan Mortgage Brokers, Lenders, and Servicers Licensing Act, Mich. Comp. Laws § 445.1651, ("MBLSLA") against. Count VI alleges a violation of the Michigan

Consumer Protection Act, Mich. Comp. Laws § 445.903(1), ("MCPA").  Count VII alleges a violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b), ("FCRA").  Count VIII alleges intentional infliction of emotional distress.  Count IX alleges negligence.  Count X alleges negligence *per se*.  Count XI alleges defamation by libel.  Count XII alleges malicious statutory libel.  Count XIII is a claim for a violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692a, ("FDCPA").  Count XIV alleges a violation of the Michigan Occupational Code, Mich. Comp. Laws § 339.901, ("MOC").  And Count XV alleges a violation of the Equal Credit Opportunity Act, 15 U.S.C. § 1691, ("ECOA").  All of the counts are directed solely against defendant GMAC, except for count II, which requests equitable, injunctive, and declaratory relief against both GMAC and Fannie Mae.

The defendants responded to the complaint with their motion to dismiss or, in the alternative, for summary judgment.   However, on May 24, 2012, defendant GMAC filed a notice that it has sought bankruptcy protection under Chapter 11 of the United States Bankruptcy Code.  Recognizing the operation of the "automatic stay" effectuated by 11 U.S.C. § 362(a), the Court entered an order on June 4, 2012 staying and administratively closing the case as to GMAC, only.  Therefore, the Court will address the pending summary judgment motion only as to defendant Fannie Mae.

II.

It is well settled that summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "The party bringing the summary judgment motion has the initial burden of informing the district court of the basis for its motion and identifying portions of the record that demonstrate the absence of a genuine dispute over material facts."  *Alexander v. CareSource*, 576

F.3d 551, 558 (6th Cir. 2009) (citing *Mt. Lebanon Personal Care Home, Inc. v. Hoover Universal, Inc.*, 276 F.3d 845, 848 (6th Cir. 2002)). "Once that occurs, the party opposing the motion then may not 'rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact' . . . ." *Ibid.* (quoting *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989)). Instead, the party opposing a motion for summary judgment must designate specific facts in affidavits, depositions, or other factual material showing "evidence on which the jury could reasonably find for the [non-moving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). If the non-moving party, after sufficient opportunity for discovery, is unable to meet his or her burden of proof, summary judgment is clearly proper. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). "Thus, the mere existence of a scintilla of evidence in support of the [opposing party]'s position will be insufficient; there must be evidence on which the jury could reasonably find for the [opposing party]." *Highland Capital, Inc. v. Franklin Nat'l Bank*, 350 F.3d 558, 564 (6th Cir. 2003) (quoting *Anderson*, 477 U.S. at 251-52) (internal quotation marks omitted).

At oral argument on the summary judgment and in his response, the plaintiff stated that he will not oppose the dismissal of counts VIII, IX, X, XI, XII, XIII, XIV, and XV of the complaint. The Court will consider those counts withdrawn and dismiss them. As noted above, the only count of the complaint pending against defendant Fannie Mae is count II, in which the plaintiff requests "equitable, declaratory and injunctive relief to decelerate the mortgage, remove Plaintiff from foreclosure, and declare plaintiff not to have been in breach of the mortgage agreement," as well as a declaration that the fees and costs charged to the plaintiff were unauthorized. Compl. at 7. The plaintiff also requests that defendant GMAC render an accounting.

Michigan law "is well settled that an injunction is an equitable remedy, not an independent cause of action." *Terlecki v. Stewart*, 278 Mich. App. 644, 663, 754 N.W.2d 899, 912 (2008). Because "[i]t is not the remedy that supports the cause of action, but rather the cause of action that supports a remedy," a plaintiff cannot advance a request for an injunction without an underlying substantive cause of action. *Ibid.* (quoting *Henry v. Dow Chem. Co.*, 473 Mich. 63, 96-97, 701 N.W.2d 684, 701 (2005) (internal quotations omitted)). Accordingly, the plaintiff's request for injunctive relief in this count stands or falls with the success of other claims in the plaintiff's complaint.

The request for declaratory relief is the same. The Declaratory Judgment Act, 28 U.S.C. § 2201, "does not create an independent cause of action." *Davis v. United States*, 499 F.3d 590, 594 (6th Cir. 2007). Instead, the Declaratory Judgment Act creates a remedy. *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671 (1950). The plaintiff's request for declaratory relief likewise stands or falls with the success of other claims in the plaintiff's complaint.

Finally, the plaintiff requests an accounting. That request appears to be directed solely against GMAC, but it is included in a count of the complaint directed against Fannie Mae as well, so the Court will address it. Under Michigan law, "[a]n action for an accounting is equitable in nature, but whether a plaintiff has stated a cause of action for an accounting must be determined from the facts pled in the plaintiff's complaint rather than from the prayer for relief." *Boyd v. Nelson Credit Ctr., Inc.*, 132 Mich. App. 774, 779, 348 N.W.2d 25, 27 (1984) (citing *Marshall v. Ullmann*, 335 Mich. 66, 70, 55 N.W.2d 731, 733 (1952)). If the pleaded allegations do not show the plaintiff lacks an adequate remedy at law, then the case may not proceed in equity. *Eyde v. Empire of Am. Fed. Sav. Bank*, 701 F. Supp. 126, 130 (E.D. Mich. 1988) (citing *Petrie v. Torrent*, 88 Mich. 43, 58,

49 N.W. 1076, 1081 (1891)). Furthermore, the burden of proof is upon the plaintiff to show it does not have an adequate remedy at law. *Ibid.* (citing *Nichols v. Martin*, 277 Mich. 305, 316, 269 N.W. 183, 187 (1936)).

"An accounting is unnecessary where discovery is sufficient to determine the amounts at issue." *Boyd*, 132 Mich. App. at 779, 348 N.W.2d at 27 (citing *Cyril J. Burke, Inc. v. Eddy & Co., Inc.*, 332 Mich. 300, 303, 51 N.W.2d 238, 239 (1952)). An accounting cannot be sustained where the action is for a specific sum under a contract. *Ibid.* (citing *Brown v. Brodsky*, 348 Mich. 16, 21, 81 N.W.2d 363, 366 (1957)). When a plaintiff's claims "are based entirely on the amount due under the mortgage note which, in essence, is a contract between the parties" the request for an accounting is also unsustainable. *Barkho v. Homecomings Fin., LLC.*, 657 F. Supp. 2d 857, 865 (E.D. Mich. 2009). If a plaintiff is unable to show "the necessity of invoking the equitable jurisdiction of the Court to order an accounting, [the] claim must be dismissed." *Ibid.* (citing *Wilson v. Cont'l Dev. Co.*, 112 F. Supp. 2d 648, 663 (W.D. Mich. 1999)).

In this case, the plaintiff has not requested any substantive relief against Fannie Mae. There is no basis, therefore, to grant injunctive or declaratory relief against that defendant.

In addition, the plaintiff cannot sustain his request for an accounting because the information he seeks can be acquired through discovery. *Eyde*, 701 F. Supp. at 130; *Boyd*, 132 Mich. App. at 779, 348 N.W.2d at 27. The plaintiff seeks an accounting of "all sums paid, as well as those allegedly due and owing based upon the facts found." Compl. at 7. A request for an accounting that, like this one, is "based entirely on the amount due under the mortgage note which, in essence, is a contract between the parties" is unsustainable. *Barkho*, 657 F. Supp. 2d at 865; *Boyd*, 132 Mich. App. at 779, 348 N.W.2d at 27. Nor does the plaintiff allege that the information requested cannot

be or has not been acquired through discovery. Because of his failure to show "the necessity of invoking the equitable jurisdiction of the Court to order an accounting, [this aspect of the plaintiff's] claim must be dismissed." *Barkho*, 657 F. Supp. 2d at 865 (citing *Wilson*, 112 F. Supp. 2d at 663).

### III.

The plaintiff also has requested that the Court grant him leave to amend his complaint if the Court finds that the claims in the present complaint are pleaded inadequately. Motions to amend are governed by Federal Rule Civil Procedure 15(a), which states that a party may amend its pleadings at this stage of the proceedings only "with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Although the Rule provides that "[t]he court should freely give leave when justice so requires," Federal Rule of Civil Procedure 15(a)(2), leave may be denied on the basis of undue delay, bad faith by the moving party, repeated failure to cure defects by previously-allowed amendments, futility of the proposed new claim, or undue prejudice to the opposite party. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Colvin v. Caruso*, 605 F.3d 282, 294 (6th Cir. 2010); *Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999); *Fisher v. Roberts*, 125 F.3d 974, 977 (6th Cir. 1997).

There is really no way to anticipate what the plaintiff will say in an amended complaint, and therefore no basis on which to assess the question of futility. That is why motions to amend pleadings generally are accompanied by a proposed amended pleading. *See Horacek v. Seaman*, No. 08-10866, 2009 WL 2928546, at *15 (E.D. Mich. Sept. 10, 2009). The Court will not entertain the request to amend unless it is submitted by a motion and a proposed amended complaint.

### IV.

The Court finds that the plaintiff has not included viable claims in his complaint against defendant Fannie Mae. He also has agreed to dismiss several other claims against defendant GMAC, against which the action has been stayed.

Accordingly, it is **ORDERED** that the motion to dismiss or for summary judgment [dkt. #31] is **GRANTED** as to defendant Federal National Mortgage Association, **only**.

It is further **ORDERED** that the complaint is **DISMISSED** as to defendant Federal National Mortgage Association, **only**.

It is further **ORDERED** that counts VIII, IX, X, XI, XII, XIII, XIV, and XV of the complaint are **DISMISSED** as to all defendants.

                                              s/David M. Lawson
                                              DAVID M. LAWSON
                                              United States District Judge

Dated: October 24, 2012

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on October 24, 2012.

                                  s/Deborah R. Tofil
                                  DEBORAH R. TOFIL