UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM HUTTON,

        Plaintiff,

                                                  Case Number 10-14715

v.                                             Honorable David M. Lawson

GMAC MORTGAGE LLC and FEDERAL
NATIONAL MORTGAGE ASSOCIATION,

        Defendants.

_____/

## ORDER DENYING MOTION FOR RECONSIDERATION

On October 24, 2012, the Court entered an order granting the defendants' motion to dismiss with respect to defendant Federal National Mortgage Association only. In that order, the Court determined that the plaintiff had failed to state a claim against defendant Fannie Mae. On November 7, 2012, the plaintiff filed a motion for reconsideration of the Court's order. The plaintiff argues that his claims against defendant Fannie Mae are so intertwined with his claims against GMAC as to be impossible to resolve independently and that he is entitled to pursue a quiet title action against defendant Fannie Mae.

Motions for reconsideration may be granted pursuant to E.D. Mich. LR 7.1(g)(1) when the moving party shows (1) a "palpable defect," (2) that misled the court and the parties, and (3) that correcting the defect will result in a different disposition of the case. E.D. Mich. LR 7.1(g)(3). A "palpable defect" is a defect which is obvious, clear, unmistakable, manifest, or plain. *Mich. Dep't of Treasury v. Michalec*, 181 F. Supp. 2d 731, 734 (E.D. Mich. 2002) (citations omitted). However, motions for reconsideration should not be granted when they "merely present the same issues ruled upon by the court, either expressly or by reasonable implication." E.D. Mich. LR 7.1(g)(3).

The plaintiff argues that the Court failed to consider his claims against defendant GMAC in dismissing his claim against defendant Fannie Mae. The plaintiff states that if defendant GMAC's foreclosure was wrongful, then defendant Fannie Mae's title is void and the plaintiff is entitled to pursue a quiet title action against defendant Fannie Mae. However, as the plaintiff himself acknowledges, the plaintiff did not plead a quiet title claim in the complaint. The Court finds the plaintiff's argument that "the basics for a quiet title action" were "effectively contained" in the complaint unpersuasive. The Court sees no basis to reconsider its determination that the plaintiff's complaint fails to state a claim against defendant Fannie Mae.

Accordingly, it is **ORDERED** that the plaintiff's motion for reconsideration [dkt. #56] is **DENIED**.

s/David M. Lawson  
DAVID M. LAWSON  
United States District Judge

Dated: November 8, 2012

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on November 8, 2012.

s/Deborah R. Tofil  
DEBORAH R. TOFIL