UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM HUTTON,

            Plaintiff,

v.                                         No. 10-14715
                                         Hon. David M. Lawson

GMAC MORTGAGE, LLC and FEDERAL
NATIONAL MORTGAGE ASSOCIATION,

            Defendants.

**CONSUMER LAW GROUP, PLC**
BY: ADAM G. TAUB (P48703)
Attorney for Plaintiff
17200 W. Ten Mile Road, Suite 200
Southfield, Michigan 48075
(248) 746-3790
adamgtaub@clgplc.net

**TAUBMAN, NADIS & NEUMAN, P.C.**
BY: RONN S. NADIS (P35638)
      MICHAEL K. DOROCAK (P54020)
Co-Counsel for Plaintiff
32255 Northwestern Hwy., Ste. 200
Farmington Hills, MI 48334
(248) 865-3700
rnadis@tnnlaw.com
mdorocak@tnnlaw.com

**DYKEMA GOSSETT PLLC**
BY: THOMAS M. SCHEHR (P54391)
      MATTHEW MITCHELL (P69810)
Attorneys for Defendants
39577 Woodward Ave., Ste. 300
Bloomfield Hills, MI 48304
(248) 203-0700
tschehr@dykema.com
mmitchell@dykema.com

## SECOND AMENDED NOTICE OF BANKRUPTCY AND

## SUGGESTION OF AUTOMATIC STAY

     Defendant and debtor, GMAC Mortgage, LLC ("GMACM"), by and through its undersigned counsel, in accordance and consistent with section 362(a) of the United States Bankruptcy Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), respectfully submits this Second Amended Notice of Bankruptcy and Suggestion of Automatic Stay, and states as follows:

1. On May 14, 2012 (the "Petition Date"), Residential Capital, LLC and certain of its direct and indirect subsidiaries (collectively, the "Debtors"), including GMACM, filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, NY 10004-1408 (the "Bankruptcy Court"). The Debtors' Chapter 11 cases are being jointly administered, indexed at case number 12-12020 (MG).

2. As a result of the Bankruptcy Filing, on the Petition Date, the protections of the automatic stay codified in section 362(a) of the Bankruptcy Code arose with regard to the Debtors. Section 362(a), among other things, operates as an automatic stay of: (i) "the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding" against the Chapter 11 Debtors that was or could have been commenced before the Petition Date (11 U.S.C. § 362(a)(1)); (ii) any act to create, perfect, or enforce against property of the Debtors any lien to the extent that such lien secures a claim that arose prior to the Petition Date (11 U.S.C. § 362(a)(5)); (iii) acts to "collect, assess, or recover a claim" against the Debtors arising prior to the Petition Date (11 U.S.C. § 362(a)(6)); and (iv) the setoff of any debt owing to the Debtors that arose before the Petition Date (11 U.S.C. § 362(a)(7)).

3. On July 13, 2012, the Bankruptcy Court entered a final supplemental order granting, among other things, the Debtors' motion for limited relief from the automatic stay to permit non-Debtor parties in foreclosure and eviction proceedings, borrower bankruptcy cases and title disputes to continue to assert and prosecute certain defenses, claims and counter-claims (the "Final Supplemental Order"). Paragraphs 14, 15, 16 and 17 of the Final Supplemental Order identify the categories of defenses, claims and counter-claims for which the automatic stay has

been modified (the "Permitted Claims"). A copy of the Final Supplemental Order is in the court record at Dkt. 53-1.

4. As set forth in the Final Supplemental Order, Permitted Claims are those asserted by a borrower, mortgagor, or lienholder that relate "exclusively to the property that is the subject of the loan owned or serviced by a Debtor for the purposes of defending, unwinding, or otherwise enjoining or precluding any foreclosure, whether in a Judicial State or a Non-Judicial State, or eviction proceeding…" (Dkt. 53-1, ¶ 14(a)). Claims for monetary relief of any kind or nature and claims "for relief that if granted, would not terminate or preclude the prosecution and completion of a foreclosure or eviction" are not Permitted Claims. (*Id.*, ¶ 14(b)).

5. To the extent that the defenses, claims and counter-claims do not constitute Permitted Claims, they remain subject to the automatic stay and the continued prosecution of these claims is prohibited.

6. With regard to the matter before this Court, Plaintiff William Hutton ("Hutton") has filed a First Amended Complaint asserting the following claims against GMACM.

   a) Hutton's Count I – R.E.S.P.A., 12 U.S.C. §2601 *et seq.* – is not a Permitted Claim because it seeks monetary relief, it remains subject to the automatic stay, and the continued prosecution of this claim is prohibited.

   b) Hutton's Count II – Request for Equitable, Declaratory & Injunctive Relief – is not a Permitted Claim because Plaintiff seeks relief "that if granted, would not terminate or preclude the prosecution and completion of a foreclosure or eviction" because the challenged foreclosure sale has been completed and GMACM does not claim any current interest in title to the Property or any right to evict Plaintiff. (Dkt. 53-1, ¶ 14(b)). Therefore, this claim remains

subject to the automatic stay, and the continued prosecution of this claim is prohibited.

c) Hutton's Count III – Breach of Contract/Wrongful Foreclosure - is <u>not a Permitted Claim</u> because it seeks monetary relief, it remains subject to the automatic stay, and the continued prosecution of this claim is prohibited.

d) Hutton's Count IV – Violation of Michigan Foreclosure Law - is <u>not a Permitted Claim</u> because Plaintiff seeks relief "that if granted, would not terminate or preclude the prosecution and completion of a foreclosure or eviction" because the challenged foreclosure sale has been completed and GMACM does not claim any current interest in title to the Property or any right to evict Plaintiff. (Dkt. 53-1, ¶ 14(b)). Therefore, this claim remains subject to the automatic stay, and the continued prosecution of this claim is prohibited.

e) Hutton's Count V – Violation of Michigan Foreclosure Law - is <u>not a Permitted Claim</u> because it seeks monetary relief, it remains subject to the automatic stay, and the continued prosecution of this claim is prohibited.

f) Hutton's Count VI – Violation of MCL §445.901 *et seq*. - is <u>not a Permitted Claim</u> because it seeks monetary relief, it remains subject to the automatic stay, and the continued prosecution of this claim is prohibited.

g) Hutton's Count VII – Fair Credit Reporting Act - is <u>not a Permitted Claim</u> because it seeks monetary relief, it remains subject to the automatic stay, and the continued prosecution of this claim is prohibited.

4

    h) Hutton's Count VIII – Quiet Title – is <u>not a Permitted Claim</u> because Plaintiff seeks relief "that if granted, would not terminate or preclude the prosecution and completion of a foreclosure or eviction" because the challenged foreclosure sale has been completed and GMACM does not claim any current interest in title to the Property or any right to evict Plaintiff.  (Dkt. 53-1, ¶ 14(b)).  Therefore, this claim remains subject to the automatic stay, and the continued prosecution of this claim is prohibited.

7. Pursuant to paragraph 23 of the Final Supplemental Order, any dispute regarding the extent, application and/or effect of the automatic stay under the Final Supplemental Order, must be heard and determined in the United States Bankruptcy Court for the Southern District of New York, jointly administered under Case No. 12-12020, in accordance with the Case Management Order entered in the Debtors' case [Docket No. 141] and such other and further orders as may be entered by the United States Bankruptcy Court for the Southern District of New York.[1]

                                                       DYKEMA GOSSETT PLLC

                                        By:  /s/Matthew Mitchell
                                            Thomas M. Schehr (P54391)
                                            Matthew Mitchell (P69810)
                                            Attorneys for GMAC Mortgage, LLC
                                            39577 Woodward Avenue, Suite 300
                                            Bloomfield Hills, MI  48304
                                            Telephone:  (248) 203-0700
                                            Facsimile:  (248) 203-0763
                                            tschehr@dykema.com
                                            mmitchell@dykema.com

Dated: May 29, 2013

---

[1] A copy of the Case Management Order may be obtained at no charge at http:/www.kccllc.net/rescap.

5

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 29, 2013, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following: Adam G. Taub (P48703) and Michael K. Dorocak (P54020).

/s/Matthew Mitchell
Matthew Mitchell (P69810)
Dykema Gossett PLLC
39577 Woodward Ave., Suite 300
Bloomfield Hills, MI  48304-5086
(248) 203-0542 / Fax (248) 203-0763
mmitchell@dykema.com
P69810
BH01\1835356.2
ID\MMI - 086797\0184

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•39577 WOODWARD AVENUE, SUITE 300•BLOOMFIELD HILLS, MICHIGAN  48304